IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LLOYD ANTHONY BAKER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:12-CV-0250 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner LLOYD ANTHONY BAKER. By his habeas application, petitioner challenges his September 26, 2011 conviction for the felony offense of Fraudulent Use or Possession of Identifying Information out of the 181st Judicial District Court of Potter County, Texas, and the resultant 3-year sentence. *See State v. Baker*, No. 64,153-B. The undersigned United States Magistrate Judge recommends petitioner's habeas application be DENIED.

I.
PROCEDURAL HISTORY

According to petitioner, on June 12, 2011, he was driving a vehicle when he was pulled over by law enforcement on a routine traffic stop. Petitioner states that during the stop, he "verbally identified himself" to the police officer as his brother, Marion Baker. Petitioner states he was issued a citation for expired license tags (which he later paid), and was released.

On September 8, 2011, in the 181st Judicial District Court of Potter County, Texas, petitioner was charged by indictment with Fraudulent Use or Possession of Identifying Information in violation of section 32.51(c)(1)[1] of the Texas Penal Code, a state jail felony. Specifically, it was alleged that:

> [O]n or about the 12th day of June, 2011 . . . [petitioner] did then and there, without consent and with intent to harm and defraud another, use the identifying information of Marion Clark Baker, to wit: name, date of birth."

The indictment contained two enhancement paragraphs alleging petitioner had previously been convicted of the following felony offenses:

| | | |
|---|---|---|
| Aggregated Theft by Check<br>320th District Court | November 16, 2005[2]<br>Potter County, TX | Cause No. 51,732-D |
| Aggregated Theft of Property<br>251st District Court | February 26, 2008<br>Randall County, TX[3] | Cause No. 17,462-C |

Counsel was appointed to represent petitioner in this cause, as well as in three (3) other felony cases charging petitioner with: (1) Theft ($1,500 - $20,000), Cause No. 61,340; (2) Theft ($1,500 - $20,000), Cause No. 64,315-B; and (3) Theft (amount unknown), Cause No. 64,484-D.[4]

On September 26, 2011, petitioner entered a plea of guilty to the indictment alleging Fraudulent Use or Possession of Identifying Information and a plea of true to both enhancement paragraphs, thereby enhancing the range of punishment from a maximum of two (2) years to a range

---

[1] Subsection (c)(1) identifies the level of the offense rather than the conduct which constitutes an offense under section 32.51, to wit: "An offense under this section is a state jail felony if the number of items obtained, possessed, transferred, or used is less than five."

[2] The indictment referenced petitioner's original date of conviction, November 16, 2005, at which petitioner was assessed a 2-year probated sentence. On February 1, 2008, petitioner's probation was revoked and petitioner was sentenced to 10 months imprisonment in state jail.

[3] Identified as a Potter County, Texas conviction in the indictment.

[4] From the Potter County online docket service, it appears there was an additional criminal action filed against petitioner during this time period alleging the misdemeanor offense of Failure to Identify (giving false/fictitious information ). This complaint was filed September 20, 2011 in Potter County Court at Law #1 and resulted in petitioner's October 10, 2011 conviction. *State v. Baker*, Cause No. 132,016-00-1. It is unknown whether this misdemeanor charge was based on the same incident as the charge challenged here or was completely unrelated. Further inquiry is unnecessary since petitioner BAKER has not alleged any double jeopardy claims.

of 2-10 years. Pursuant to a plea bargain agreement, petitioner was sentenced to three (3) years imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division, on the offense challenged here. *See State v. Baker*, Cause No. 64,153-B. Petitioner did not appeal this conviction or sentence to the state appellate court.

Petitioner was also offered plea bargain agreements in each of the other three (3) felony cases. In Cause No. 61,340-B, petitioner pled guilty to two (2) counts of felony theft, and was sentenced to three (3) years imprisonment to run concurrently with his 3-year sentence in this case. In Cause Nos. 64,315-B and 64,484-D, petitioner pled guilty to the alleged felony thefts and, on October 25, 2011 and December 12, 2011, respectively, was sentenced to one (1) year imprisonment in each case.

On July 3, 2012, petitioner filed a state application for a writ of habeas corpus challenging the conviction and sentence in Cause No. 64,153-B (the conviction challenged here), alleging his plea was involuntary because it was based solely on counsel's erroneous advice to plead guilty despite the indictment against him being defective and there being a lack of evidence to support one of the elements of the offense; that he was denied effective assistance of counsel due to counsel's misadvice; and there was insufficient evidence to support a finding of an element of the Fraudulent Use or Possession of Identifying Information offense. *Ex parte Baker*, Application No. 70,565-02 ["SHR"].

During the state habeas proceedings, the State submitted an affidavit from petitioner's appointed counsel addressing petitioner's allegations of ineffective assistance of counsel. In his affidavit, counsel averred he had complete access to the State's files in all of the cases in which he was appointed to represent petitioner, had reviewed the files, and had several conversations and meetings with petitioner to discuss and review the evidence, applicable law, and possible defenses with petitioner. SHR at 39. Counsel averred that prior to entering pleas of guilty in this and the other three (3) felony cases, petitioner told counsel he was willing to accept the plea bargain offers. SHR at

40. Counsel averred he never induced petitioner to enter a plea of guilty in any of the cases and that he would not have allowed petitioner to enter a guilty plea in this case if he had believed the State would not have been able to prove each and every element of the offense. Counsel maintained petitioner entered his guilty plea knowingly and voluntarily after counsel advised him concerning his rights, including the right to a jury trial. Counsel concluded petitioner's allegation of ineffective assistance of counsel was without merit. *Id.*

In its answer to petitioner's state habeas application, the State argued there was no necessity for a fact-finding hearing as there was ample evidence in the record for the Court to rule on the relief sought. SHR at 28-30. On September 26, 2012, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order, a ruling on the merits.

On November 28, 2012, petitioner filed this application for federal habeas corpus relief, such application being received and file-marked on December 3, 2012.[5] On January 17, 2013, respondent filed an answer arguing this federal habeas petition should be denied. Petitioner did not file a reply to respondent's answer.

On August 8, 2014, petitioner advised the Court he had been released from confinement.

II.
PETITIONER'S ALLEGATIONS

Petitioner contends his conviction was in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner's guilty plea was involuntary because it was based on the erroneous advice of counsel to plead guilty despite a defective indictment and insufficient evidence to prove an element of the charged offense;

2. Petitioner was denied effective assistance of counsel at trial because counsel failed

---

[5]Petitioner attests he placed his federal habeas corpus application in the prison mailing system on November 19, 2012. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

        to advise petitioner of the deficiencies of the indictment or the lack of evidence to prove an element of the charged offense, and erroneously advised petitioner to plead guilty; and

3.     The evidence was insufficient to support petitioner's conviction because there was no evidence to establish one of the elements of the charged offense.

### III.
### STANDARD OF REVIEW

In order to grant federal habeas corpus relief, a petitioner must demonstrate and this Court must find the state court determination of the facts was unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2). Where applicable, the state court's findings of fact "are 'presumed to be correct' unless the habeas petitioner rebuts the presumption through 'clear and convincing evidence.'" *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006), *quoting* 28 U.S.C. section 2254(e)(1). This presumption extends not only to express findings of fact, but to the implicit findings of the state court as well. *See Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted). In determining whether the state court decision was unreasonable, this Court must be careful not to substitute its judgment for that of the state court. In other words, a determination that the state court reached the wrong result or that the state court decision was incorrect, is insufficient. Denial of relief based on a factual determination will not be overturned unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

Alternatively, in order to grant relief, a petitioner must demonstrate and this Court must find the state court decision resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1). The state court's application of the law must be "objectively unreasonable" not "merely erroneous" or "incorrect." *Cobb v. Thaler*, 682 F.3d 364 (5th Cir 2012).

The AEDPA standard is met only in cases where there is no possibility a fair minded jurist could disagree that the state court's decision conflicts with Supreme Court precedent. *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011).

## IV.
## EFFECTIVENESS OF COUNSEL, VOLUNTARINESS OF GUILTY PLEA, and SUFFICIENCY OF THE EVIDENCE

In Cause No. 64,153-B, petitioner was charged with a violation of section 32.51 of the Texas Penal Code, Fraudulent Use or Possession of Identifying Information, a state jail felony. Subsection (b)(1) of that section states:

> A person commits an offense if the person, with the intent to harm or defraud another, obtains, possesses, transfers, or uses *an item* of . . . identifying information of another person without the other person's consent.

(emphasis added). As noted above, the indictment alleged petitioner:

> [W]ithout consent and with intent to harm and defraud another, use[d] the identifying information of Marion Clark Baker, to wit: name, date of birth.

Petitioner contends the indictment was defective because it did not allege one of the required elements of the Fraudulent Use or Possession of Identifying Information offense, to-wit: that petitioner used "an item" of identifying information. Petitioner further argues that although he verbally gave a false name and date of birth (that of his brother) to the police during the traffic stop, he did not use "an item" of identifying information which misidentified him as his brother Marion Baker.[6] Therefore, petitioner contends that even if the indictment was not defective and had alleged all of the required elements of the charged offense, there was still no evidence to support a finding that he used "an item" of identifying information belonging to his brother.

---

[6] At the time of the incident, section 38.02 of the Texas Penal Code, found in Chapter 38 of the code entitled "Obstructing Governmental Operation," defines the criminal offense of "Failure to Identify," a misdemeanor offense. Specifically, subsection (b)(2) provided: "A person commits an offense if he intentionally gives a false or fictitious name, residence address, or date of birth to a to a peace officer who has lawfully detained the person." As noted above, petitioner was charged with an offense under this section on September 20, 2011 and convicted of the offense October 10, 2011. Additional facts surrounding that charge and conviction are unknown to the Court.

Petitioner contends he was denied his constitutional right to effective assistance of counsel because trial counsel wrongfully advised him to plead guilty to the Fraudulent Use or Possession of Identifying Information offense when (1) the indictment charging the offense was defective, and subject to being quashed, for failing to allege one of the elements of the charged offense, to wit: "an item" of identifying information; and (2) there was no evidence to support a finding that he used "an item" of identifying information of his brother. Petitioner also contends his guilty plea was involuntary or unknowing because it was based on this misadvice of counsel.[7] Lastly, petitioner contends his conviction was unconstitutional because there was no evidence to establish each of the necessary elements of the charged offense.

## Effectiveness of Counsel

"Once a criminal defendant has entered a guilty plea, all non-jurisdictional defects in the proceedings are waived *except claims of ineffective assistance of counsel relating to the voluntariness of the plea.*" *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (emphasis added). Here, petitioner alleges ineffective assistance of counsel for acts that occurred prior to his plea and claims of ineffective assistance of counsel related to the voluntariness of his plea. Consequently, the undersigned will consider petitioner's claims of ineffective assistance of counsel relating to the voluntariness of his guilty plea.

Ineffective assistance of counsel claims are governed by the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Under the two-pronged *Strickland* standard, a petitioner must show counsel's performance was both deficient and

---

[7]Petitioner also contends his guilty plea was involuntary and unknowing because counsel failed to advise him that the indictment improperly alleged two prior convictions for enhancement purposes even though the convictions were entered the same day. The indictment did not allege convictions entered the same date for purposes of enhancing punishment, therefore, this allegation will not be addressed further.

prejudicial. *Id.* at 687, 104 S.Ct. at 2064. If the attorney made errors so serious the attorney was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution, the performance was deficient. *Id*. A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption counsel's performance falls within the wide range of reasonable professional assistance. *Id.* at 689, 104 S.Ct. at 2065. Strategic choices made after a thorough investigation of both the law and facts are "virtually unchallengeable." *Id.* at 690-91, 104 S. Ct. at 2066. This is a heavy burden that requires a "substantial," and not just a "conceivable," likelihood of a different result. *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 787, 178 L.Ed.2d 624 (2011); *see also Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011).

Even if deficient performance is shown, a petitioner must also show counsel's deficient performance prejudiced the defense. To prove prejudice a petitioner must show "there is a reasonable probability that, but for counsel's errors, the ultimate result of the proceeding would have been different" and that "counsel's deficient performance rendered the trial fundamentally unfair." *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993). A showing of significant prejudice is required. *Spriggs v. Collins*, 993 F.2d 85, 88 n. 4. (5th Cir. 1993). If a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, then the Court need not consider the other prong. *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069.

<u>Deficiency Prong</u>: To determine whether counsel was deficient, this Court must first determine whether counsel misadvised or failed to advise petitioner concerning the propriety of the

indictment alleging the section 32.51 Fraudulent Use or Possession of Identifying Information charges against him, and the sufficiency of the evidence to support a finding the elements of the offense were committed. The section 32.51 Fraudulent Use or Possession of Identifying Information offense is contained in Chapter 32 of the Texas Penal Code, entitled "Fraud;" offenses in this section are considered crimes against property. *See* §§ 32.01 - 32.45. "The purpose of [section 32.51] is to protect 'another living human being' from identity theft." *Jones v. State*, 2012 WL 266460 (Tex.App.-Dallas, January 31, 2012), *quoting Ford v. State*, 282 S.W.3d 256, 264-65 (Tex.App.-Austin 2009, no pet.)). On the other hand, the section 38.02 Failure to Identify offense is found under the chapter of the state penal code entitled "Obstructing Governmental Operation." Offenses in this chapter are offenses against public administration. To support a conviction under this section, the evidence must show a peace officer requested the information during a detention or arrest, the defendant knew the person requesting the information was a peace officer, yet the defendant intentionally gave a false name, residence address, or date of birth to the officer. Although both sections generally concern the act of falsely identifying oneself, the sections have markedly different purposes: "32.51 protects living human beings from harm, specifically identity theft, while section 38.02 seeks to prevent individuals from obstructing a peace officer's ability to carry out his duties." *Id.* at *3.

It does appear petitioner's actions could have been more properly charged under Texas Penal Code section 38.02.[8] Petitioner's claim that counsel was deficient, however, hinges upon whether the indictment (alleging the section 32.51 offense) to which petitioner pled guilty was flawed. In his state habeas application, as in this proceeding, petitioner alleged counsel was deficient because he did not

---

[8]This conjecture assumes there was no physical item of identifying information available. If, however, there was a physical item of identifying information, *i.e.*, a written citation issued to Marion Baker and signed by petitioner attesting he was the driver of the vehicle and acknowledging receipt of the citation, then the Fraudulent Use charge was arguably equally proper.

advise petitioner of the deficiencies of the indictment. By denying this claim, the state habeas court necessarily determined the indictment was not fundamentally defective under state law. When a state court finds an indictment sufficient as a matter of state law, federal habeas review is precluded. *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994); *Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir. 1988), *cert. denied*, 489 U.S. 1086, 109 S.Ct. 1546 (1989); *Alexander v. McCotter*, 775 F.2d 595 (5th Cir. 1985). If the indictment was not defective under state law, there is no basis to find counsel was deficient in this regard.

Petitioner also argues counsel was deficient for advising him to plead guilty when counsel knew or should have known there was no evidence to establish the "item" element of the charge. Petitioner contends that had counsel advised him of the State's inability to prove an element of the offense, he would not have pleaded guilty but, instead, would have insisted on going to trial.

Petitioner also raised this claim in the state habeas proceeding. By denying this claim, the state habeas court necessarily determined the evidence was sufficient to establish all elements of the charged offense. Whether petitioner's conduct of verbally using his brother's identifying information could fall under the language of the Fraudulent Use statute concerns an interpretation of state statutory law. This federal habeas corpus court is to consider only matters of federal constitutional rights and/or breaches and is precluded from addressing matters of state law.[9] *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-80, 116 L.Ed.2d 385 (1991) ("federal habeas corpus relief does not lie for errors of state law" - a claim that state law has been violated is generally not cognizable on federal habeas).

Moreover, in considering petitioner's claims that his state conviction should be set aside due

---

[9]Although considering the sufficiency of the evidence to support the element of intent to harm and defraud another, the state appellate court in *Jones v. State, infra*, did not question whether the appellant's verbal use of another's name and date of birth, rather than use of a tangible item, was sufficient for purposes of section 32.51.

to ineffective assistance of counsel, this Court is required to use a "doubly deferential" standard of review that credits any reasonable state court finding of fact or conclusion of law, and presumes defense counsel's performance fell within the bounds of reasonableness. *Burt v. Titlow,* ___ U.S. ___, 134 S.Ct. 10, 187 L. Ed. 2d 348 (2013). The absence of evidence cannot overcome the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance" and cannot establish that performance was deficient. *Id*. Petitioner's ineffective assistance of counsel claims were adjudicated on the merits in a state court proceeding and the denials of relief were based on factual determinations. To overturn a state court factual determination it must be objectively unreasonable in light of the evidence before the state court. A state court factual determination is not unreasonable merely because a federal habeas court would have reached a different conclusion. *Burt*, 134 S. Ct. at 15. Consequently, even if this Court were to reach a different conclusion regarding the adequacy of the indictment and the sufficiency of the evidence, petitioner would not be entitled to relief unless the state court determinations were unreasonable. However, it is not necessary to determine whether the state court decisions were erroneous or unreasonable because, for the reasons stated below, petitioner cannot show prejudice.

      Prejudice prong: Reasonable probability of a different result is sufficient enough to satisfy the prejudice prong of *Strickland v. Washington*, 466 U.S. 668, 695 (1984). The undersigned notes, however, that in order "[t]o prove prejudice for an ineffective assistance of counsel claim in the context of a guilty plea, the habeas petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Bond v. Dretke*, 384 F.3d 166, 167-68 (5th Cir. 2004) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)) (internal quotation marks omitted). Petitioner does not have to prove with absolute certainty that he would not have pleaded guilty, only that there was a "reasonable probability" such would have

occurred.

Petitioner contends that had counsel advised him of the alleged defectiveness of the indictment or the purported lack of evidence to support a finding of each element of the charged offense, he would not have pleaded guilty but, instead, would have insisted on going to trial. Petitioner concludes that but for counsel's misadvice or failure to properly advise him, he would have insisted on going to trial on the charged offense of Fraudulent Use or Possession of Identifying Information. Assuming, *arguendo*, that counsel was deficient in his representation of petitioner, petitioner has failed to show he was prejudiced. Petitioner has not demonstrated there was a "reasonable probability" he would have pled *not* guilty. Petitioner's guilty plea was part of a plea bargain involving four (4) felony offenses, and petitioner was obtaining an agreed 3-year sentence for a theft offense in Cause No. 61,340-B to run concurrent with the 3-year sentence bargained for in this case. Petitioner also was able to plea bargain for 1-year sentences in the other two felony cases. Petitioner has not shown he would have jeopardized the plea bargaining involving his other offenses and would have entered a not guilty plea in this case and insisted upon going to trial, particularly since his sentence was going to run concurrently with another 3-year sentence. Petitioner has not shown he was prejudiced by any actions or inactions of defense counsel, and is not entitled to relief.

AEDPA Threshold for Federal Habeas Relief:   This ineffective assistance of counsel claim was adjudicated on the merits in the state habeas corpus proceeding. *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex.Crim.App. 1997) (when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits); *see Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999) (the Fifth Circuit recognized this Texas state writ jurisprudence). For the same reasons set forth above, petitioner has not shown the state court's adjudication of this claim (1) "was contrary to federal law then clearly established in the holdings of"

the Supreme Court; (2) "involved an unreasonable application of" clearly established Supreme Court precedent; or (3) "was based on an unreasonable determination of the facts in light of the record before the state court." The state court could have determined counsel was not ineffective because the plea bargain was beneficial. Certainly the state court could have found petitioner was not prejudiced. Petitioner's plea resulted in a sentence which ran concurrently, resulting in no additional time in prison, and in two (2) other felonies being addressed by lesser sentences. Petitioner has failed to meet the threshold under the AEDPA necessary for this Court to award federal habeas relief on his ineffective assistance of counsel claim.

## Voluntariness of Guilty Plea

The only question before this Court is whether, under the AEDPA, federal relief is available to petitioner. Utilizing the standards set forth above, and based upon the circumstances of this case and the above findings rejecting plaintiff's ineffective assistance of counsel claims, the Texas Court of Criminal Appeals' denial of petitioner's claim that his guilty plea was involuntary and unknowing was neither the product of an unreasonable application of clearly established Federal law nor the result of an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The decision by the state court to deny petitioner habeas corpus relief was not "objectively unreasonable" and, as a result, petitioner can not be granted federal habeas corpus relief on this claim.

## Sufficiency of the Evidence

Petitioner contends his conviction, pursuant to a guilty plea, is unconstitutional because there was no evidence presented by the State, presumably during plea negotiations, that petitioner presented "an item" identifying himself as his brother during the traffic stop. "No federal constitutional issue is

raised by the failure of the Texas state court to require evidence of guilt corroborating a voluntary plea." *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986). As set forth above, petitioner has not demonstrated his guilty plea was involuntary. Consequently, this claim fails to present a federal constitutional issue necessary for federal habeas corpus relief. Furthermore, claims of insufficiency of the evidence are waived by a voluntary guilty plea. *Kelley v. Alabama*, 636 F.2d 1081, 1083 (5th Cir. 1981). As petitioner's guilty plea was voluntary, this claim has been waived. Petitioner's claim of an unconstitutional conviction based on insufficient evidence should be denied.

## Conclusion

Petitioner has not demonstrated the indictment was defective under state law, or that his conduct would not have met the elements of the charged Fraudulent Use or Possession offense under the State court's interpretation of state statute. More importantly, petitioner has not shown prejudice. Petitioner does not cite to anything in the record raising a reasonable probability that, but for counsel's failure to advise him the indictment in this case might have been defective or that the evidence may not have supported all of the elements of the charged offense, that petitioner would not have pleaded guilty in this case, especially considering the favorable plea bargain. Moreover, petitioner has not demonstrated the state court's decision involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Petitioner's claims of ineffective assistance of counsel, and challenges to the voluntary and knowing nature of his plea and the sufficiency of the evidence, do not warrant federal habeas relief. Petitioner's claims should be DENIED.

V.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner LLOYD ANTHONY BAKER be DENIED.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this   24th   day of February 2016.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).